***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with the modification of calculation of plaintiff's average weekly wage.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant is a duly qualified self-insured and Key Risk Management Services is the servicing agent.
4. A Form 22 was submitted from which an average weekly wage may be determined.
5. Plaintiff contends she injured her back on September 28, 1998.
6. Plaintiff contends she is entitled to disability compensation from December 12, 1998 until February 2, 1999 and medical treatment during this period.
7. On February 2, 1999, plaintiff returned to work for defendant-employer.
8. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1. This documentation consists of records from Hunter Strader, M.D., Rowan Surgical Specialist, Rowan Regional Medical Center, North Carolina Baptist Hospital, Carolina Neurosurgical Associates, and Rowan Family Health.
9. Industrial Commission filings were stipulated into evidence as Stipulated Exhibit 2.
10. The depositions of William R. Brown, Jr., M.D., Anthony L. Burke, M.D., Lloyd Emery Nickerson, M.D., Robert Goodwin Person, M.D., Lloyd Jeffrey Taylor, PA-C, and Diane Hart Swicegood are a part of the evidentiary record in this case.
11. The issues before the Full Commission are: (i) whether plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on September 28, 1998; and (ii) if so, what compensation, if any, is due plaintiff?
 ***********
The Full Commission adopts with minor modifications the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff was sixty-two (62) years old at the time of the deputy commissioner hearing in this matter. Plaintiff began working with defendant-employer on January 19, 1976. Plaintiff is employed as an industrial machine maintenance worker at defendant-employer's Lexington facility which manufactures fiberglass. Plaintiff's job duties include maintaining a machine known as a chopper. The chopper cuts fiberglass yarn into different lengths.
2. On September 28, 1998, plaintiff was on a ladder attempting to remove a cover on the chopper in order to perform maintenance work. Plaintiff had the cover in both hands. While coming down the ladder, plaintiff stepped on the second rung from the bottom. As plaintiff stepped on this rung, the ladder tilted throwing plaintiff backwards onto the floor. Plaintiff was still holding the chopper cover during her fall. Plaintiff struck her back, left side, elbow and hip on the floor.
3. Amanda Campbell, a co-worker, witnessed the fall and saw plaintiff get off the floor.
4. At the time of the fall, plaintiff did not believe that she had suffered a substantial injury and went to lunch.
5. After lunch, plaintiff informed her foreman, Donnie Palmer, about her fall satisfying statutory requirements concerning reporting the injury to her supervisor. Plaintiff indicated she did not believe she was hurt but did request assistance in finishing the maintenance work. Mr. Palmer assigned Janet Goss to help plaintiff complete the job.
6. Plaintiff also told Jesse Lanning, a member of the Safety Team, about her fall and her concerns relating to the safety of the ladder.
7. Plaintiff began to experience back pain later in the day on September 28, 1998. Plaintiff's pain continued to increase to the point that she went to Lloyd Nickerson, M.D, her family physician. Dr. Nickerson diagnosed plaintiff with a urinary tract infection and initially believed this was the source of her back pain. Dr. Nickerson referred plaintiff to an urologist. The urologist diagnosed plaintiff with gallstones which were removed.
8. Plaintiff returned to work from her gall stone operation on December 13, 1998. Plaintiff worked that day and December 14, 1998 as scheduled.
9. Over the next few days, plaintiff's back pain continued to increase. However, plaintiff continued to work on December 18, 1998. After work on December 19, 1998, plaintiff's pain was so severe that she had great difficulty walking to her car.
10. Plaintiff returned to Dr. Nickerson's office on December 21, 1998 and was again referred to an urologist.
11. The urologist indicated plaintiff's urinary tract was clear and returned her to Dr. Nickerson who subsequently ordered an MRI that was performed on January 3, 1999. After reviewing plaintiff's MRI report, Dr. Nickerson referred plaintiff to William Brown, M.D., a neurosurgeon.
12. Plaintiff was written out of work by her family physician, Dr. Nickerson, from December 18, 1998 until January 25, 1999. Dr. Nickerson's office let her extend this out of work period until plaintiff was seen by Dr. Brown on January 27, 1999.
13. On January 27, 1999. Dr. Brown diagnosed plaintiff with back pain secondary to bulging discs and degenerative discs at L3-4, L4-5, T11-12 and T12-L1. Dr. Brown recommended an epidural steroid injection and returned plaintiff to work on February 2, 1999. Dr. Brown restricted plaintiff's work to no lifting over twenty-five (25) pounds and limited bending, crawling, and twisting.
14. Plaintiff has continued to work with these restrictions from February 2, 1999 through the date of the deputy commissioner hearing.
15. Plaintiff's accident on September 28, 1998 aggravated her degenerative disc disease.
16. As result of plaintiff's injury by accident on September 28, 1998, plaintiff is entitled to compensation from December 18, 1998 through February 2, 1999.
17. Plaintiff's average weekly wage pursuant to the Form 22 wage statement in the evidentiary record as calculated by the Claims Section of the North Carolina Industrial Commission is $761.11 which results in a weekly compensation rate of $507.43 for disability compensation benefits.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On September 28, 1998, plaintiff sustained an injury by accident arising out of and in the scope of her employment with defendant-employer which aggravated her prior condition. N.C.G.S. § 97-2(6).
2. As result of her compensable injury by accident on September 28, 1998, plaintiff is entitled to total disability compensation from December 18, 1998 through February 2, 1999. N.C.G.S. § 97-29.
3. Plaintiff is entitled to receive medical treatment that would effectuate a cure, give relief or lessen plaintiff's period of disability relating to her physical injury by accident on September 28, 1998. N.C.G.S. § 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. For her total disability, plaintiff is entitled to total disability compensation from December 18, 1998 through February 2, 1999 at the rate of $507.43 per week. Said amount shall be paid in a lump sum, subject to an attorney's fee approved in Paragraph 3.
2. Defendant shall pay all medical expenses resulting from plaintiff's compensable injury by accident on September 28, 1998.
3. A reasonable attorney's fee of twenty-five (25%) percent of compensation due plaintiff under Paragraph 1 of this AWARD is approved and shall be paid as follows: twenty-five (25%) percent of the lump sum due plaintiff under Paragraph 1 of this AWARD shall be deducted from that sum and paid directly to plaintiff's counsel.
4. Defendant shall pay the costs.
This the ___ day of February 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER